# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY R. GEORGE,

    Petitioner,

v.                                                  Case No. 10-C-674

UNITED STATES PROBATION
AND PRETRIAL SERVICES,

    Respondent.

# ORDER ON RULE 4 REVIEW

The petitioner, Gary R. George, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to the petition, the petitioner was convicted of violating 18 U.S.C. § 371 pursuant to a plea agreement. As part of the plea bargain, all other charges were dismissed. The petitioner previously filed a 28 U.S.C. § 2255 action in this district. By order dated February 8, 2007, United States District Court Judge Rudolph T. Randa denied the petitioner's § 2255 motion.

In the present action, the petitioner asserts that the recent United States Supreme Court case, Skilling v. United States, __ U.S. __, 130 S. Ct. 2896 (2010), held that 18 U.S.C. § 1346 was unconstitutionally vague as applied. Accordingly, he maintains that his conviction is invalid. The petitioner also asserts that the superseding indictment failed to give constitutional notice under the notice clause of the Sixth Amendment of the United States Constitution and violated the grand jury clause of the Fifth Amendment of the United States Constitution. The petitioner further asserts that the superseding indictment and judgment of conviction violated the double jeopardy clause of the Fifth Amendment and that "[e]rror [occurred] in the 7th

Circuit (no. 04-3099)." (Petition at 11).

The petitioner has filed a brief in support of his petition for a writ of habeas corpus. On August 9, 2010, the petitioner filed a motion to amend his brief. (Docket #3). He seeks to amend the brief to correct typographical errors, as well as make some other minor changes and additions. The petitioner's motion to amend will be granted. The petitioner has consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.

Rule 1(b) of the Rules Governing § 2254 Cases authorizes the court to apply those rules to a case brought under § 2241. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." During the initial review of a habeas petition, the court looks to see whether the petitioner has set forth cognizable constitutional claims.

Paragraph 5 of § 2255 puts § 2241 off limits to federal prisoners as a rule:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, § 2255 provides the petitioner the exclusive means to challenge the legality of his detention, unless "a motion brought under the section would be inadequate or ineffective for that purpose." See Collins v. Holinka, 510 F.3d 666 (7th Cir. 2007). Section "2255 is 'inadequate or ineffective to test the legality of [the] detention' when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." Taylor

- 2 -

v. Gilkey, 314 F.3d 832, 834 (7th Cir. 2002) (quoting § 2255 P5); In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998).

Of the petitioner's claims, only his claim that his conviction is invalid as a result of the Supreme Court's decision in Skilling could not have been presented under § 2255.[1] Accordingly, the remainder of his claims will be dismissed pursuant to § 2255 P5.

Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction he now challenges. The court also is satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of his rights under the United States Constitution.

Therefore, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does <u>not</u> plainly appear from "the face of the petition" that the petitioner is <u>not</u> entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer, motion or other response has been served and filed, the court will enter orders as necessary to facilitate the orderly progression of the action to disposition.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the petitioners claims, with the exception of his claim that his conviction is invalid as a result of the Supreme Court's decision in Skilling which could not have been presented under § 2255, be and hereby are dismissed.

---

[1] In fact, with the exception of the petitioner's assertion that the Court of Appeals for this circuit erred in deciding his case, all of the claims were brought in his previous 28 U.S.C. § 2255 petition. The claim that the court erred in its decision did not render § 2255 "inadequate or ineffective". See Taylor, 314 F.3d at 835

**IT IS FURTHER ORDERED** that the respondent be and hereby is directed to serve and file an answer, motion or other response to the petitioner's remaining claim in his petition for a writ of habeas corpus that his conviction is invalid in light of the Court's decision in <u>Skilling</u> no later than **JANUARY 20, 2011**.

**IT IS ALSO ORDERED** that a copy of this order shall be mailed to the respondent.

Dated at Milwaukee, Wisconsin this <u>9th</u> day of December, 2010.

                                    BY THE COURT:

                                  <u> s/ Patricia J. Gorence </u>
                                  PATRICIA J. GORENCE
                                  United States Magistrate Judge